**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. _____**

| | |
|---|---|
| **RL BB FINANCIAL, LLC** | |
| **Plaintiff** | 3-12-cv-376-S |
| **v.** | |
| **CHRISTODULOS STAVENS**<br>**12355 Forest School Lane**<br>**Louisville, Kentucky  40223** | **COMPLAINT** |
| **and** | |
| **LISA K. STAVENS**<br>**12355 Forest School Lane**<br>**Louisville, Kentucky  40223** | |
| **Defendants** | |

Plaintiff, RL BB Financial, LLC, by counsel, for its complaint against Defendants Christodulos Stavens and Lisa K. Stavens, states as follows:

**THE PARTIES**

1.      Plaintiff RL BB Financial, LLC is, and at all relevant times was, a limited liability company that is a citizen of the states of Delaware and Florida, with its principal place of business at 700 NW 107th Avenue, Suite 400, Miami, Florida 33172.  The sole member of RL BB Financial, LLC is Rialto Capital Management, LLC, which is a Delaware limited liability company with its principal place of business in Florida.  The sole member of Rialto Capital

Management, LLC is Lennar Corporation, which is a corporation that is incorporated in Delaware with its principal place of business in Florida.

2.     Defendant Christodulos Stavens ("Dr. Stavens") is a citizen and resident of Louisville, Kentucky and is domiciled at 12355 Forest School Lane, Louisville, Kentucky 40223.

3.     Defendant Lisa K. Stavens ("Mrs. Stavens") is a citizen and resident of Louisville, Kentucky and is domiciled at 12355 Forest School Lane, Louisville, Kentucky 40223.

## JURISDICTION

4.     The Court has original jurisdiction of this civil action, under 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum and value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## VENUE

5.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2), as it is a judicial district wherein Dr. Stavens and Mrs. Stavens are subject to personal jurisdiction and therefore reside under 28 U.S.C. § 1391(c), and it is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

6.     On June 21 2007, KMC Real Estate Investors, LLC ("KMC") executed and delivered to Branch Banking and Trust Company ("BB&T") a note for $20,500,000, a mortgage to secure the amounts due under the note and other related documents (the "Loan").

7.     Also on June 21, 2007, several individuals, including Defendant Dr. Stavens, executed and delivered to BB&T individual Guaranty Agreements in which they unconditionally guaranteed the payment and performance of the obligations of KMC to BB&T.

8.     The note, the mortgage, the Guaranty Agreements and the other documents related to the Loan were assigned to Plaintiff RL BB Financial, LLC ("Plaintiff") by BB&T in 2010.

9.     The Loan was for the purpose of purchasing property to be used for a medical facility (the "Medical Facility") in southern Indiana.

10.     The entity that operated the Medical Facility, Kentuckiana Medical Center, LLC ("Kentuckiana Medical"), filed bankruptcy on September 19, 2010.

11.     The bankruptcy of Kentuckiana Medical and the related financial problems caused KMC to default on the Loan on or around February 8, 2011.

12.     On February 23, 2011, Plaintiff filed suit against KMC and the guarantors of the Loan, including Defendant Dr. Stavens, in the Superior Court of Clark County, Indiana to recover the amounts due under the Loan (the "Indiana Action").

13.     KMC is currently in bankruptcy, and has been since April 1, 2011.

14.     On August 2, 2011, the Superior Court of Clark County, Indiana entered an order granting partial summary judgment to Plaintiff against the guarantors of the Loan, including Dr. Stavens, in the Indiana Action.

15.     On September 8, 2011, the court entered judgment in favor of Plaintiff against Defendant Dr. Stavens for $3,781,544.00 (the "Judgment") in the Indiana Action.

16.     The Judgment has been registered and is enforceable against Dr. Stavens in the Commonwealth of Kentucky through an action entitled *RL BB Financial, LLC v. David B. Britt,*

*et al.* (Case No. 11-CI-006260, Jefferson Circuit Court, Division Six) (the "Kentucky Action"). A copy of the Notice and Affidavit of Foreign Judgment Registration filed in the Kentucky Action is attached as Exhibit A.

17.     Defendants Dr. Stavens and Mrs. Stavens are husband and wife, and have been married at all times relevant hereto.

18.     Between September 25, 2010 and July 11, 2011, Dr. Stavens transferred at least $20,000 to Mrs. Stavens from a BB&T account by writing checks to her in amounts that ranged from $1,000 to $2,000.  A list of these transfers is attached as Exhibit B.

19.     Mrs. Stavens regularly has received and continues to receive checks from a company called Alexandra, LLC.  The checks state that they are payroll checks.

20.     Mrs. Stavens has deposited and continues to deposit the checks from Alexandra, LLC in a checking account she opened at Stock Yards Bank in August 2011 that is in her name only (the "Checking Account").

21.     Alexandra, LLC is an Indiana limited liability company with its principal place of business located at the home address of Dr. Stavens and Mrs. Stavens at 12355 Forest School Lane, Louisville, Kentucky 40223.  Its registered agent for service of process in Indiana is Dr. Eli Hallal, another guarantor of the Loan and Dr. Stavens's fellow judgment debtor.  Although its principal place of business is in Kentucky, Alexandra, LLC is not registered to do business in Kentucky.

22.     Mrs. Stavens testified in her June 7, 2012 deposition in the Kentucky Action that she is not employed and no income.  Copies of the relevant pages from Mrs. Stavens's deposition transcript are attached as Exhibit C.

4

23.     Upon information and belief, the checks from Alexandra, LLC that Mrs. Stavens deposits into the Checking Account are payroll checks for, or funds otherwise due to, Dr. Stavens.

24.     The total amount of these payroll checks from Alexandra, LLC to Mrs. Stavens between August 12, 2011 and June 1, 2012 is $207,046.47.  A list of the checks (that appear to be payroll checks) is attached as Exhibit D.

25.     On August 17, 2011, fifteen days after the court granted summary judgment to Plaintiff against the guarantors of the Loan, including Dr. Stavens, in the Indiana Action, Mrs. Stavens opened a money market account in her name only at Stock Yards Bank (the "Money Market Account").

26.     The Money Market Account was opened by Mrs. Stavens by depositing a check dated August 12, 2011 in the amount of $253,077.06 from BB&T into the account.  The check stated in the memo line, "CLOSE OUT ACCOUNT."

27.     Upon information and belief, the $253,077.06 Mrs. Stavens deposited into the Money Market Account came as a transfer from Dr. Stavens.

28.     Upon information and belief, the transfers by Dr. Stavens to Mrs. Stavens alleged in paragraphs 16 through 27 (the "Transfers") were made without consideration and with the intent to defraud the creditors of Dr. Stavens, including Plaintiff.

## COUNT I – FRAUDULENT CONVEYANCE

29.     Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 10(c), Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1 through 28 above as if fully set forth here.

30.     Defendant Dr. Stavens made the Transfers to Defendant Mrs. Stavens with the actual intent to cheat, hinder, delay, or defraud the creditors of Defendant Dr. Stavens, including Plaintiff, in violation of KRS § 378.010.

31.     In addition, at the time of the Transfers, Dr. Stavens believed or reasonably should have believed that he had incurred or would incur debts beyond his ability to pay them as they became due.

32.     As a result of the Transfers, Plaintiff has been damaged and continues to suffer harm and damage, and is entitled to a judgment setting aside the Transfers as fraudulent; compensatory damages; costs, including attorney fees; and punitive damages.

## COUNT II – CONVEYANCE WITHOUT CONSIDERATION

33.     Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1 through 32 above as if fully set forth here.

34.     Defendant Dr. Stavens is a debtor and made the Transfers to Defendant Mrs. Stavens without valuable consideration in violation of KRS 378.020.

35.     The Transfers were therefore void as to Plaintiff, an existing creditor.

36.     As a result of the Transfers, made without consideration, Plaintiff has been damaged and continues to suffer harm and damage, and is entitled to a judgment setting aside the Transfers; compensatory damages; and costs, including attorney fees.

## COUNT III – PREFERENTIAL CONVEYANCE

37.     Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1 through 36 above as if fully set forth here.

38.     To the extent that Dr. Stavens claims that Mrs. Stavens was a creditor of Dr. Stavens at the time the Transfers were made, the Transfers were made in contemplation of

insolvency and were designed to prefer Mrs. Stavens to the exclusion of other creditors, including Plaintiff, in violation of KRS 378.060.

39.     Mrs. Stavens is an insider pursuant to KRS 378.070(3) and as defined in 11 U.S.C. § 101 because she is a family member (the spouse) of the debtor Dr. Stavens.

40.     As a result of the preferential Transfers, Plaintiff has been damaged and continues to suffer harm and damage, and is entitled to a judgment setting aside the Transfers; compensatory damages; and costs, including attorney fees.

## COUNT IV – TRANSFER OF PROPERTY BETWEEN HUSBAND AND WIFE

41.     Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1 through 40 above as if fully set forth here.

42.     Dr. Stavens and Mrs. Stavens are husband and wife and were husband and wife at the time all Transfers were made.

43.     The Transfers were of personal property between a husband and wife, were fraudulent and are invalid as to Plaintiff pursuant to KRS 404.020(2).

44.     As a result of the Transfers of personal property made by Dr. Stavens to Mrs. Stavens, Plaintiff has been damaged and continues to suffer harm and damage, and is entitled to a judgment setting aside the Transfers; compensatory damages; costs, including attorney fees; and punitive damages.

## COUNT V – DEFRAUDING JUDGMENT CREDITORS

45.     Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1 through 44 above as if fully set forth here.

46.     KRS 517.070 provides that a person is guilty of the crime of defrauding judgment creditors when he secretes, assigns, conveys or otherwise disposes of his property with intent to

defraud a judgment creditor or to prevent that property from being subjected to payment of a judgment, and a violation of KRS 517.070 is a Class A misdemeanor.

47.     Dr. Stavens violated KRS 517.070 when he made the Transfers to Mrs. Stavens with the intent to defraud judgment creditors, including Plaintiff, and with the intent to prevent the funds in the Transfers from being subjected to payment of Plaintiff's judgment.

48.     Mrs. Stavens violated KRS 506.040 by conspiring with Dr. Stavens in his violation of KRS 517.070.

49.     Pursuant to KRS 446.070, Plaintiff may recover from Dr. Stavens and Mrs. Stavens the damages it sustained as a result of the violation of KRS 517.070 and KRS 506.040.

50.     As a result of the Transfers, Plaintiff has been damaged and continues to suffer harm and damage, and is entitled to a judgment setting aside the Transfers as fraudulent; compensatory damages; costs, including attorney fees; and punitive damages.

## COUNT VI – CONSTRUCTIVE TRUST

51.     Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1 through 50 above as if fully set forth here.

52.     Mrs. Stavens is in possession of funds and property that should have been submitted to or available for seizure by Plaintiff to satisfy Dr. Stavens's judgment debt to Plaintiff.

53.     Mrs. Stavens is not entitled to those funds or property.

54.     The Court should order that Mrs. Stavens act as an involuntary trustee for the benefit of Plaintiff and surrender all funds from the Transfers to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RL BB Financial, LLC, respectfully demands judgment against the Defendants as follows:

A.   Judgment in its favor setting aside the Transfers as fraudulent, without consideration and void pursuant to KRS 378.010, *et seq.* and KRS 404.020;

B.   Prejudgment attachment and a preliminary and permanent injunction preventing Mrs. Stavens from transferring or using any of the funds she received from the Transfers;

B.   Judgment compelling Mrs. Stavens to be a constructive trustee and to surrender all Transfers;

C.   Compensatory damages in an amount to be determined at trial;

D.   Punitive damages in an amount to be determined at trial;

E.   Costs herein expended, including reasonable attorney's fees;

F.   Prejudgment and post-judgment interest; and

G.   All other proper and appropriate relief to which Plaintiff is entitled.

Dated:  July 5, 2012

Respectfully submitted,


/s/ Angela S. Fetcher_____
Samuel D. Hinkle IV
Angela S. Fetcher
STOLL KEENON OGDEN PLLC
500 West Jefferson Street, Suite 2000
Louisville, Kentucky  40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099

Counsel for RL BB Financial, LLC

114719.142788/830998.2